IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| | ) | C.A. No. 25-1589-JLH |
| v. | ) | |
| | ) | |
| NETLIST, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

**NETLIST, INC.'S RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED
STATES OF AMERICA AND SAMSUNG ELECTRONIC CO.'S RESPONSE**

OF COUNSEL:
Michael Harbour
Andrew J. Strabone
Andrew Henderson
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Blair A. Silver
IRELL & MANELLA LLP
750 17th Street NW, Suite 850
Washington, DC 20006
(202) 777-6500

Dated: May 6, 2026

Karen E. Keller (No. 4489)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Netlist, Inc.*

Defendant Netlist, Inc. ("Netlist") respectfully submits this response to the Statement of Interest of the United States of America, D.I. 37 (the "Statement"), filed by the Department of Justice ("DOJ") and the response to this statement, D.I. 42 (the "Response") filed by Plaintiff Samsung Electronics Co., Ltd. ("Samsung"). The DOJ's Statement correctly cautions against Samsung's attempt to expand the Third Circuit's holding in *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007) in a manner that is inconsistent with well-established principles of federal antitrust law. Samsung's Response is unavailing.

As the DOJ's Statement rightly notes, it is "'axiomatic that a patent does not necessarily confer market power upon the patentee,'" and this is equally "true for SEPs." D.I. 37 at 2 (quoting *Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 44 (2006)). Thus, a complaint cannot sufficiently allege market power based on SEPs without "an assessment of the alternatives to the standard and the contractual obligations and commitments the patent holder has undertaken under the SDO's patent policy limiting any potential market power." D.I. 37 at 2. Samsung contends that the DOJ's position is somehow inconsistent with *Broadcom*. D.I. 42 at 3. It is not. Even after *Broadcom*, courts in this district have rejected the contention that ownership of an SEP "automatically" confers market power. *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 2018 WL 11426956, at *6 (D. Del. Feb. 28, 2018) (rejecting the argument that "every owner of a SEP has 'market power' because it can "hold up" companies that wish to practice the standard by demanding a non-FRAND royalty.").

Here, Samsung's Complaint fails to allege that there are no viable alternatives to Netlist's patents or that Netlist's FRAND commitments are insufficient to prevent anticompetitive harm. First Samsung does not contend that Samsung has no alternative but to take a license to Netlist SEPs, i.e., Samsung never affirmatively alleges that there is a product Samsung cannot make or

1

technology it cannot practice without infringing one of Netlist's patents. On the contrary, Samsung's Complaint contends that Netlist's patents are invalid and non-infringed. D.I. 1-1 at p. 2, ¶¶ 133, 154-169.

Second, Samsung's Complaint also has not—and indeed cannot—allege that Netlist has breached the "contractual obligations and commitments" that "limit[] any potential market power" that an SEP could possibly confer. D.I. 37 at 2; *id,* Ex. A at 6 ("It . . . cannot be presumed that SEP holders have gained substantial market power by inclusion in a standard given that substitutable technology may still be available; and to the extent the patent holder's market power has increased, contractual obligations (such as RAND commitments) typically limit its exercise."). Based on the Complaint's own allegations, there is no dispute that Netlist made a FRAND offer to Samsung when the parties executed the JDLA. D.I. 17 at 6-7. There is also no dispute that Netlist also entered into a FRAND compliant license with Samsung's largest competitor, SK Hynix. *Id.* at 8-9. The reason why Samsung no longer has a FRAND license is because it materially breached the JDLA resulting in its termination, as the CDCA's final judgment conclusively established. *Id.* at 6-7.  In other words, Samsung's lack of FRAND license is not the result of Netlist's "exercise of potential market power," D.I. 37, Ex. At at 6, but Samsung's own conduct, and Samsung is precluded from arguing otherwise.

Finally, the DOJ's Statement correctly notes that "charging high prices does not by itself constitute exclusionary conduct" in violation of antitrust laws. D.I. 37 at 3. But that is essentially what Samsung is alleging here. Indeed, the gravamen of Samsung's Complaint is that "Samsung risks losing market share to competitors [like SK Hynix] that do not pay Netlist's supra-RAND royalty rates." D.I. 1-1 ¶ 191. In other words, Samsung does not allege that Netlist has exploited the market as a whole by eliminating alternative technologies. Instead, it alleges merely that it is

being charged too high of a royalty rate. Even if this allegation were true, a high royalty demand does not "in and of itself, constitute exclusionary or anticompetitive conduct cognizable under the antitrust laws." D.I. 37 at 2.

|  | /s/ Emily S. DiBenedetto |
|---|---|
|  | Karen E. Keller (No. 4489) |
|  | Emily S. DiBenedetto (No. 6779) |
| OF COUNSEL: | SHAW KELLER LLP |
| Michael Harbour | I.M. Pei Building |
| Andrew J. Strabone | 1105 North Market Street, 12th Floor |
| Andrew Henderson | Wilmington, DE 19801 |
| IRELL & MANELLA LLP | (302) 298-0700 |
| 1800 Avenue of the Stars, Suite 900 | kkeller@shawkeller.com |
| Los Angeles, CA 90067 | edibenedetto@shawkeller.com |
| (310) 277-1010 | *Attorneys for Netlist, Inc.* |

Blair A. Silver
IRELL & MANELLA LLP
750 17th Street NW, Suite 850
Washington, DC 20006
(202) 777-6500

Dated: May 6, 2026

3